FILED
2026 May-15 AM 10:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

FILED
2026 MAY 15 A 8:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

JESSE MARQUES NETTO

*Petitioner,*

EMERGENCY PETITION
A- 226-024-864

Melissa B. Harper, New Orleans ICE Field Office;

JONATHON W. HORTON, Warden of Pickens County Detention Center; and other responsible federal officials,

TODD LYONS, Director, U.S. Immigration and Customs Enforcement;

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security;

TODD BLANCHE, Attorney General of the United States.

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Petitioner **JESSE MARQUES NETTO**, A-Number 226-024-864, respectfully moves this Court for the entry of an immediate Temporary Restraining Order and Preliminary Injunction prohibiting Respondents from transferring Petitioner outside this Court's jurisdiction during the pendency of these proceedings.

In support thereof, Petitioner states as follows:

1. Petitioner is currently detained at Pickens County Detention Center in Alabama pursuant to allegedly unlawful immigration detention that is presently being challenged through the accompanying Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

2. Petitioner respectfully seeks emergency injunctive relief to preserve this Court's jurisdiction and prevent irreparable harm during the pendency of the habeas proceedings.

3. Absent immediate judicial intervention, there exists a substantial risk that Respondents may transfer Petitioner to another detention facility outside this District without notice, thereby interfering with Petitioner's ability to pursue meaningful habeas review and obtain effective relief from this Court.

4. Transfer during the pendency of habeas proceedings would substantially prejudice Petitioner by disrupting access to counsel, impairing communication, complicating access

to legal materials and evidence, and undermining this Court's practical ability to exercise effective jurisdiction over the case.

5. Petitioner currently has pending immigration proceedings before the Immigration Court in Newark, New Jersey, maintains a fixed residence in New Jersey, maintains employment, and possesses substantial community ties within that jurisdiction.

6. Federal courts possess inherent authority to preserve their jurisdiction and to issue injunctive relief necessary to prevent actions that would frustrate meaningful review of pending habeas claims.

7. Petitioner satisfies the requirements for emergency injunctive relief.

8. First, Petitioner has demonstrated a substantial likelihood of success on the merits. As set forth in the accompanying Petition, Respondents appear to be improperly subjecting Petitioner to mandatory-style detention under 8 U.S.C. § 1225(b) even though Petitioner was apprehended within the interior of the United States after previously being inspected, processed, and released into the country pending immigration proceedings.

9. Petitioner was apprehended in Alabama while traveling in a work van to a jobsite involving employment-related fiber-optic work and was not seeking admission into the United States at the time of arrest.

10. Binding Eleventh Circuit authority confirms that detention of individuals apprehended in the interior of the United States is governed by 8 U.S.C. § 1226 rather than § 1225(b). See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami.

11. The Northern District of Alabama recently applied this principle in Chaudhari v. Smith, granting habeas relief where a noncitizen apprehended within the interior of the United States was improperly subjected to mandatory detention under § 1225(b)(2)(A).

12. Second, Petitioner faces immediate and irreparable harm absent injunctive relief. Transfer outside this District would substantially impair meaningful access to counsel and effective habeas review and could interfere with this Court's ability to provide complete and effective relief.

13. Transfer would also severely prejudice Petitioner's ability to defend against the pending immigration proceedings before the Newark Immigration Court, where jurisdiction over his immigration case presently remains.

14. Third, the balance of equities strongly favors temporary injunctive relief. Petitioner merely seeks preservation of the status quo during adjudication of serious constitutional and statutory claims concerning unlawful detention.

15. Fourth, the public interest strongly supports ensuring that executive detention remains subject to constitutional limitations and meaningful judicial review.

16. Petitioner does not seek to interfere with lawful immigration proceedings. Rather, Petitioner seeks only to preserve the Court's jurisdiction and prevent irreparable prejudice while the legality of detention is adjudicated.

17. Accordingly, Petitioner respectfully requests that this Court immediately enter a Temporary Restraining Order and Preliminary Injunction prohibiting Respondents from transferring Petitioner outside this Court's jurisdiction during the pendency of these proceedings absent prior authorization from this Court.

18. In the alternative, Petitioner requests that any transfer be limited to the State of New Jersey, where Petitioner maintains his fixed residence, pending immigration proceedings, employment, and substantial community ties.

**WHEREFORE, Petitioner respectfully requests that this Court:**

A. Enter an immediate Temporary Restraining Order prohibiting Respondents from transferring Petitioner outside this Court's jurisdiction during the pendency of these proceedings;

B. Enter a Preliminary Injunction continuing such relief pending final adjudication of the Petition;

C. Order Respondents to provide advance notice prior to any contemplated transfer;

D. In the alternative, prohibit transfer except to the State of New Jersey;

E. Grant such other and further relief as the Court deems just and proper.

Dated: May 14, 2026.

Respectfully submitted,

Jesse Marques Netto
**JESSE MARQUES NETTO**
*Petitioner, prose*